**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| GLOBALFOUNDRIES U.S. INC., GLOBALFOUNDRIES SINGAPORE PTE. LTD<br><br>*Plaintiffs*,<br><br>v.<br><br>TOWER SEMICONDUCTOR LTD., TOWER PARTNERS SEMICONDUCTOR CO. LTD., TOWER SEMICONDUCTOR ITALY S.R.L., TOWER US HOLDINGS INC., TOWER SEMICONDUCTOR NPB HOLDINGS INC., TOWER SEMICONDUCTOR NEWPORT BEACH INC., AND TOWER SEMICONDUCTOR SAN ANTONIO INC.<br><br>*Defendants*. | **Case No. 7:26-CV-00108-DC-DTG**<br><br>**JURY TRIAL DEMANDED** |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

Pursuant to the Court's Order Setting Initial Pretrial Conference (Dkt. 26), the parties hereby submit this Fed. R. Civ. P. 26 report in substantial conformance with Appendix N of the Local Rules. In addition, a proposed case scheduling order has been filed herewith.

*1. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount of controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.*

Defendants contest personal jurisdiction as to Defendants Tower Semiconductor Ltd., Tower Partners Semiconductor Co. Ltd., and Tower Semiconductor Italy S.r.l.

*2. Are there any unserved parties? if more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?*

No.

3. *What are the causes of action, defenses, and counterclaims pled?*

Plaintiffs have alleged that the Defendants are liable for direct infringement, and/or inducing the infringement, and/or contributing to the infringement of one or more claims of United States Patent Nos. 11,476,244; 8,283,193; 11,658,177; 7,566,653; and 9,269,666 ("Asserted Patents"). *See generally* Complaint (Dkt. 1). Defendants have answered denying Plaintiffs' allegations of patent infringement based on defenses of, among others, non-infringement and invalidity of the Asserted Patents. *See generally* Answer (Dkt. 22). Defendants also assert defenses of (i) failure to state a claim; (ii) lack of personal jurisdiction over Tower Israel, Tower Japan, and Tower Italy; (iii) improper venue as to those three defendants, Tower NPB Holdings, and Tower Newport Beach; (iv) express or implied license or other authorization; (v) patent exhaustion; (vi) prosecution-history estoppel; (vii) ensnarement; (viii) vitiation; (ix) dedication to the public; (x) lack of standing; (xi) equitable estoppel, waiver, prosecution laches, and unclean hands; (xii) no willful infringement; (xiii) failure to mark under 35 U.S.C. § 287; (xiv) no exceptional case under 35 U.S.C. § 285; (xv) no entitlement to enhanced damages under 35 U.S.C. § 284; and (xvi) no entitlement to injunctive relief. Defendants did not plead any counterclaims. *See generally* Dkt. 22.

4. *Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?*

None at this time.

5. *State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).*

*(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;*

The parties do not have proposed changes in the timing, form, or requirement for disclosures under Rule 26(a) at this time.

*(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;*

Plaintiffs believe they will need discovery relating to Defendants' alleged infringement, as well as damages and willfulness-related issues. Defendants believe they will need discovery on issues related to invalidity and damages. The parties do not believe discovery should be conducted in phases or limited to or focused on particular issues.

*(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;*

The Parties intend to submit a proposed e-discovery order setting forth a protocol for electronic discovery, including the format for production. The Parties do not foresee any other issues relating to the disclosure, discovery or preservation of electronically stored information.

*(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;*

The parties anticipate submitting a bespoke proposed Protective Order addressing the needs of the case. Within that proposed Protective Order, the Parties anticipate proposing a protocol for dealing with the production of inadvertently produced privileged or otherwise protected or immune material. Prior to entry of any such proposed Protective Order, the Parties agree that they will abide by the Protective Order appended to the Local Rules as Appendix H-2.

*(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and*

<u>Plaintiffs' position</u>: Each side should be limited to 100 hours of total deposition time, inclusive of third-parties. This case involves five asserted patents spanning complex semiconductor

fabrication technology. Discovery is directed at seven named Defendants spanning multiple continents, each of which may possess relevant, non-duplicative testimony regarding accused processes, corporate structure, and the operation of the accused products. Given the number of patents at issue, the complexity of the underlying technology, the number of Defendants, and the number of accused processes that Plaintiffs must investigate through discovery, Plaintiffs respectfully request an additional 30 hours of deposition time per side.

Defendants' position: The limits on deposition time in the Standing Order Governing Proceedings (OGP) 4.4 – Patent Cases, dated January 23, 2024 (the "OGP") should apply. If the facts warrant additional time as the case progresses and contentions are disclosed, the parties can meet and confer about expanding the limits. It is premature at this time, however, to assume that extra deposition time is warranted.

*(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).*

As noted above, the parties contemplate submitting a bespoke proposed Protective Order.

*6. What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?*

No discovery has been completed at this time. The parties will conduct discovery in accordance with the Court's case scheduling order, and in accordance with discovery limits set forth in the Federal Rules of Civil Procedure unless otherwise agreed to by the parties or ordered by the Court.

*7. What, if any, discovery disputes exist?*

None at this time.

*8. Have the parties discussed the desireability of filing a proposed order pursuant to Federal Rule of Evidence 502?*

Not at this time.

*9. Have the parties discussed mediation?*

Not at this time.

*10. Are there any pending motions, and if so, does either party desire a hearing?*

Not at this time.

Dated: September 21, 2026

*/s/ Clement Naples*

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

Clement Naples (*admitted pro hac vice*)
cnaples@cgsh.com
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Fax: (212) 225-3999

Gregory K. Sobolski (*admitted pro hac vice*)
Thomas W. Yeh (*admitted pro hac vice*)
gsobolski@cgsh.com
tyeh@cgsh.com
650 California St., Suite 2400
San Francisco, California 94108
Telephone: (415) 796-4400
Fax: (415) 796-4499

Bert C. Reiser (*admitted pro hac vice*)
Sami Al-Marzoog (*admitted pro hac vice*)
breiser@cgsh.com
salmarzoog@cgsh.com
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 974-1500
Fax: (202) 974-1999

S. Giri Pathmanaban (SBN 24074865)
gpathmanaban@cgsh.com
1841 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 815-4100
Fax: (650) 815-4199

**JACKSON WALKER LLP**

Nathaniel St. Clair, II
Texas State Bar No. 24071564
nstclair@jw.com
2323 Ross Avenue, Ste. 600
Dallas, Texas 75201
Telephone: (214) 953-6000
Facsimile: (214) 953-5822
Arthur Gollwitzer III
Texas Bar No. 24073336
agollwitzer@jw.com
Paige V. Welch
Texas State Bar No. 24138184
pwelch@jw.com
100 Congress Avenue, Suite 1100
Austin, TX 78701
Telephone: (512) 236-2204
Fax: (512) 236-2001

**ATTORNEYS FOR PLAINTIFFS GLOBALFOUNDRIES U.S. INC., GLOBALFOUNDRIES SINGAPORE PTE. LTD.**

*/s/ Stephen R. Smith*

Deron Dacus
Texas Bar No. 00790553
**THE DACUS FIRM**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Email: ddacus@dacusfirm.com

Stephen R. Smith (*pro hac vice*)
Phillip Morton (*pro hac vice*)
Patrick Lauppe (*pro hac vice*)
**COOLEY LLP**
1299 Pennsylvania Avenue NW
Suite 700
Washington, DC 20004-2400
Telephone: +1 202 842 7800
Facsimile: +1 202 842 7899

TowerWDTX@cooley.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2026, I electronically filed the foregoing and accompanying documents with the clerk of the court for the U.S. District Court, Western District of Texas, using the Court's electronic case filing system, and thus the foregoing and accompanying documents have been electronically served on counsel of record.

*/s/ Clement Naples*